THE CITY OF EUREKA v. JOHN NEVILLE.
No. 14,028.   (80 Pac. 39.)

Error from Greenwood district court; GRANVILLE P. AIKMAN, judge. Opinion filed March 11, 1905. Affirmed.

*Howard J. Hodgson,* for plaintiff in error.
*Fuller & Jackson,* for defendant in error.

*Per Curiam:* The city of Eureka prosecutes error from a judgment recovered against it by John Neville for damages on account of injuries occasioned to his wife by a defective sidewalk. The only claim of error that challenges serious consideration relates to the amount of the verdict. In the instructions given the recoverable damages were limited to the expense incurred for medical attendance and compensation for plaintiff's loss of his wife's services from the time of the accident, "taking into consideration whether the alleged injuries were temporary or permanent in character." The jury returned a general verdict for $200, and in response to special questions stated that they allowed plaintiff sixteen dollars "for his wife's loss of time," and fifty dollars for payment of the physician.

The city contends that the jury's allowance of sixteen dollars must be interpreted as covering all damages to which the plaintiff was entitled except those based upon medical attendance, which by the finding were fixed at fifty dollars, and that therefore judgment should not have been rendered for more than

sixty-six dollars. Such an interpretation should of course not be adopted if by any reasonable construction the general verdict and the special findings can be harmonized. The instruction regarding compensation to plaintiff for loss of his wife's services had obvious reference to prospective loss as well as to such as had already been suffered at the time of trial. There was evidence that her injuries were such that she might never entirely regain the use of her hands. The jury may have understood that the question submitted to them as to the amount allowed plaintiff for his wife's loss of time related only to such loss as had already accrued. This they may have appraised at sixteen dollars. They may then have estimated the husband's further damage due to the permanent impairment of his wife's capacity for labor at $134, thus making up the remainder of the $200. Such a supposition is not unreasonable. It is shown that in the argument to the jury plaintiff's counsel advised them to state in answer to this question the full amount of plaintiff's damage for loss of his wife's service—present and prospective. This may be conclusive evidence as to what the attorney understood the question to mean, but it does not follow that the jury took the same view. As the general verdict is not necessarily in conflict with the special findings it will be permitted to stand. Other assignments of error have been examined and found not to be well taken. The judgment is therefore affirmed.